# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLIED MEDICAL ASSOCIATES,<br>　　Plaintiff,<br><br>　　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br>　　Defendants/Counterclaim-Plaintiffs,<br><br>　　v.<br><br>ALLIED MEDICAL ASSOCIATES, DAVID KIRSTEIN, D.C., and BRYAN EHRLICH, D.C.,<br>　　Counterclaim-Defendants. | CIVIL ACTION<br><br>NO. 08-2434 |

**Memorandum and Order**

YOHN, J.                                                                                                           March 26, 2009

On May 23, 2008, Allied Medical Associates ("Allied") commenced this civil action against State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm"). Prior to filing an answer, State Farm filed a counterclaim against Allied, David Kirstein and Bryan Ehrlich[1] (collectively, "counterclaim-defendants"). Presently before the court is counterclaim-defendants' motion to dismiss and/or strike State Farm's counterclaim, in which counterclaim-defendants argue that the counterclaim is procedurally improper. For the reasons that follow, I agree and will grant counterclaim-

---

[1] The counterclaim also named Brent Weinerman, D.O and Najmi Sheikh, M.D. as defendants, but both Weinerman and Sheikh were dismissed as defendants on November 19, 2008.

defendants' motion.

## I. Procedural Background

As the factual allegations are not relevant to my decision, I will forgo discussion of the allegations contained in State Farm's counterclaim. Instead, the relevant discussion centers on the procedural posture of this case.

On May 23, 2008, Allied filed its complaint against State Farm. Prior to answering, State Farm filed a counterclaim against Allied, David Kirstein and Bryan Ehrlich. (Doc. No. 22.) On November 12, 2008, counterclaim-defendants filed a motion to dismiss and/or strike the counterclaim.[2] (Doc. No. 41.) State Farm filed its response on November 25, 2008. Counterclaim-defendants, with the court's permission, amended their motion to dismiss on December 12, 2008. Finally, counterclaim-defendants filed a reply on January 2, 2009. Thus, the issues presented by counterclaim-defendants' motion are ripe for review.

## II. Discussion

Counterclaim-defendants argue that State Farm's counterclaim is procedurally improper because it was not filed as part of a "pleading."[3] State Farm does not challenge this argument substantively; rather, State Farm contends that it is not aware of any case law that supports the

---

[2] State Farm filed its answer on November 11, 2008, raising several affirmative defenses and incorporating its previously filed counterclaim. (Doc. No. 37.) Counterclaim-defendants have filed a motion to dismiss the counterclaim contained in State Farm's answer. (Doc. No. 44.) The court does not address this second motion to dismiss in this Memorandum and Order.

[3] Counterclaim-defendants also move the court to dismiss State Farm's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that State Farm fails to state a cause of action upon which relief may be granted. Because I will dismiss this counterclaim as procedurally improper, I need not address counterclaim-defendants' 12(b)(6) motion in this Memorandum.

dismissal of a counterclaim if the counterclaim is filed improperly.

The interplay between Federal Rules of Civil Procedure 7(a) and 13 forbids parties from raising a counterclaim separate from and outside of a recognized pleading. Rule 13 sets forth the procedure for filing counterclaims, both mandatory (Rule 13(a)) and permissive (Rule 13(b)). *See* Fed. R. Civ. Pro. 13(a) ("*A pleading* must state as a counterclaim . . . ." (emphasis added)); Fed. R. Civ. Pro. 13(b) ("*A pleading* may state as a counterclaim . . . ." (emphasis added)); *cf.* Fed. R. Civ. Pro. 13(g) ("*A pleading* may state as a crossclaim . . . ." (emphasis added)). Because counterclaims raised pursuant to Rule 13 must be stated in a pleading and because Rule 13 is the only federal rule that addresses how to raise a counterclaim, parties who wish to raise a counterclaim must do so in a pleading. The remaining question, therefore, is whether a counterclaim is itself a pleading. The only recognized "pleadings" under the federal rules are enumerated in Rule 7(a), which provides:

> Pleadings. Only these pleadings are allowed:
> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Rule 7(a) does not designate counterclaims as pleadings. Because a counterclaim is not itself a pleading, to state a counterclaim consistently with Rule 7(a) and Rule 13, a party must file the counterclaim *as part of* a recognized pleading, *i.e.*, an answer. *See Microsoft Corp. v. Ion Tech. Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007) ("Counterclaims, however, must appear in a pleading . . . ."); *Berstein v. IDT* Corp., 582 F. Supp. 1079, 1089 (D. Del. 1984) (holding that

counterclaims and cross-claims filed independent from an answer were not pleadings and therefore were subject to dismissal); *cf. Langer v. Monarch Life. Ins. Co.*, 966 F.2d 786, 811 (3d Cir. 1992) (reasoning that "Federal Rules of Civil Procedure 12(b) and 13(g) require that cross-claims be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's answer"); *In re Cessna Distrib. Antitrust Litig.*, 532 F.2d 64, 67 (8th Cir. 1976) (finding that party "could assert cross-claim only in their answer"); *id.* at 67 n.7 ("A cross-claim must be stated in a pleading. *See* Fed. R. Civ. P. 12(b) and 13(g). At the same time, it is not itself a pleading. *See* Fed. R. Civ. P. 7(a).").

Because State Farm's counterclaim is not itself a pleading, *see* Rule 7(a), and not part of a pleading, it is a procedural nullity and the court will dismiss it accordingly.[4]  *See Berstein*, 582 F. Supp. at 1089 (dismissing document titled "Counterclaims and Crossclaims" because the claims were not filed as part of a recognized pleading).

---

[4] State Farm urges the court to follow *Hellman v. Kercher*, No. 07-1373, 2008 WL 1969311 (W.D. Pa. May 5, 2008). In *Hellman*, the defendant filed an answer *prior to* filing a counterclaim. The *Hellman* court found that because the counterclaim was filed after the answer, the counterclaim was procedurally improper. Nonetheless, the court held that the error was "minor" and denied the plaintiff's motion to dismiss.

This case differs from *Hellman*. Here, State Farm had yet to file an answer to Allied's Complaint when it filed the counterclaim, whereas the party in *Hellman* sought to add a counterclaim to an already filed answer. In the latter situation, the federal rules permit parties to *amend* previously filed pleadings to add a counterclaim. *See* Fed. R. Civ. Pro. 13(f) and Fed. R. Civ. Pro. 15(a). Although the *Hellman* court does not explicitly base its conclusion on Rules 13 or 15, these rules do provide a basis in the federal rules that supports the *Hellman* decision. No such basis exists for counterclaims filed before the answer. In such a case, the party can cure its procedural error by filing an answer and including the counterclaim. For these reasons, I decline State Farm's invitation to rely on *Hellman* in reaching my conclusion.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLIED MEDICAL ASSOCIATES,<br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br>    Defendants/Counterclaim-Plaintiffs,<br><br>v.<br><br>ALLIED MEDICAL ASSOCIATES, DAVID KIRSTEIN, D.C., and BRYAN EHRLICH, D.C.,<br>    Counterclaim-Defendants. | CIVIL ACTION<br><br>NO. 08-2434 |

## Order

**AND NOW** this 26th day of March 2009, upon consideration of counterclaim-defendants' motion to dismiss and/or strike (Doc. No. 41), counterclaim-plaintiff's response thereto and counterclaim-defendants' reply, **IT IS HEREBY ORDERED** that counterclaim-defendants' motion is **GRANTED** and counterclaim-plaintiff's counterclaim (Doc. No. 22) is **DISMISSED** without prejudice.

                                                                    s/ William H. Yohn Jr., Judge
                                                                    William H. Yohn Jr., Judge